NICHOLAS VASSALLO
United States Attorney
JASMINE M. PETERS (WY Bar #7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY  82003-0668
Telephone: 307-772-2984
jasmine.peters@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| PAMELA ANN GILSENAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-CV-231-ABJ |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S REPLY BRIEF

Defendant, the Social Security Administration ("SSA"), by and through the United States Attorney's Office for the District of Wyoming and Assistant United States Attorney Jasmine M. Peters, respectfully submits *Defendant's Reply Brief*.

### INTRODUCTION

Plaintiff filed a response to the SSA's motion to dismiss on January 26, 2024. (Doc. 6). In her response, Plaintiff failed to address the issues raised in the motion to dismiss or state with any specificity the information she is seeking through a records request. In addition, Plaintiff continues to fail to demonstrate that she filed a records request in compliance with agency regulations, 20 C.F.R. Parts 401 and 402, and that the agency acted improperly in response. Simply stating that

Plaintiff requested "records concerning her and former spouse's SSA financial and medical history" or requesting the SSA to conduct a search "of Plaintiff's (& spouse) records from 1986 forward" is insufficient. (Doc. 1 at 1); (Doc. 6 at 6). Her statements fail to include important facts that may impact the validity of the request, including where the requests were sent and what the requests contained. *See* 20 C.F.R. Parts 401, 402.

To the extent Plaintiff has attempted to make a Privacy Act access request for her husband's records, her request would have been improper because only the subject of the record may file an access request under the Privacy Act. *See* 5 U.S.C. § 552a(d); 20 C.F.R. § 401.40 (How to get your own records). If Plaintiff seeks her husband's records, that request should be made under FOIA. However, no such request was received by the SSA. (*See* Doc. 5.1 at 3, ¶¶ 8–9). Consequently, the Court should dismiss the complaint for lack of jurisdiction and/or for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1), (6). In addition, the Court should encourage Plaintiff to submit a records request under the Privacy Act or FOIA according to the SSA's regulations and as described in the Declaration of Michelle Christ, the Deputy Executive Director for the Office of Privacy and Disclosure ("OPD"), within the Office of the General Counsel at the SSA. (Doc. 5-1).

## ARGUMENT

This Court lacks jurisdiction over the complaint because Plaintiff has not demonstrated that she submitted a proper FOIA or Privacy Act request to the SSA, in compliance with 20 C.F.R. Parts 401 and 402, or that the SSA received that request. *See* FED. R. CIV. P. 12(b)(1); (*see also* Doc. 5); (Doc. 5.1). In addition, Plaintiff fails to state a claim upon which relief can be granted because she has not demonstrated the SSA received any records request. *See* FED. R. CIV. P. 12(b)(6). In fact, Plaintiff admits to never having sent OPD a request for information. (Doc. 6 at

2). Plaintiff's admission demonstrates her noncompliance with submitting a records request to the SSA.

Under FOIA, federal district courts have subject-matter jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, before the Court exercises its jurisdiction, the complainant must exhaust her administrative remedies. It is well-accepted that "FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review.'" *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (citations omitted); *see Trenerry v. I.R.S.*, 1996 WL 88459, at *1 (10th Cir. Mar. 1, 1996) (The Tenth Circuit held that a district court lacked subject matter jurisdiction over a FOIA case "where plaintiff . . . failed to exhaust her administrative remedies."). If an agency does not receive a FOIA request, then the agency has no reason to search or produce records. *See Carbe v. B.A.T.F.*, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). Therefore, a plaintiff's failure to file a request amounts to a failure to exhaust administrative remedies because the agency's obligations do not begin until receipt of a valid request. *See Dale v. I.R.S.*, 238 F. Supp. 2d 99 (D.D.C. 2002) (granting a 12(b)(1) motion in a FOIA action for failing to exhaust administrative remedies).

In her response, Plaintiff alleges that she "submitted nearly 40 (forty) FOIA requests including the October 2023 request." (Doc. 6 at 2). She also provided a list of dates from 2019 through 2023, without specifying what was sent on those dates and where. (*See id.* at 2–4). However, based on the SSA's lack of records or receipt of those purported FOIA requests, it is reasonable to presume the requests were not provided to the SSA in accordance with the well-advertised methods of submitting such requests. (*See* Doc. 5-1 at 2–3, ¶¶ 4–5 (explaining how to

file a proper FOIA or Privacy Act request)); *see also Dale*, 238 F. Supp. 2d 99; *Carbe*, 2004 WL 2051359, at *8.

Because Plaintiff failed to exhaust her administrative remedies, this Court lacks jurisdiction. Moreover, it is still unclear what records Plaintiff seeks to obtain and whether Plaintiff's request falls under FOIA or the Privacy Act. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

## CONCLUSION

For the reasons stated above, this Court should dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1), (6). This Court lacks jurisdiction because Plaintiff failed to exhaust her administrative remedies by submitting a records request pursuant to agency regulations. Plaintiff has not established that she properly submitted a FOIA or Privacy Act request to the SSA or that the SSA ever received that request. In addition, Plaintiff's complaint and response fail to articulate which records were sought, provide details on which records were withheld, or demonstrate how she exhausted her administrative remedies prior to filing suit.

Finally, the Court should encourage Plaintiff to submit a records request under the Privacy Act or FOIA according to the SSA's regulations and as described in the Declaration of Michelle Christ, the Deputy Executive Director for the OPD. (Doc. 5-1).

Dated February 2, 2024.

                                      Respectfully Submitted,

                                      NICHOLAS VASSALLO
                                      United States Attorney

                              By:*/s/ Jasmine M. Peters*
                                      JASMINE M. PETERS
                                      Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendant's Reply Brief* was filed and served on February 2, 2024 by the following means:

| | |
|---|---|
| Pamela Ann Gilsenan | [ ] By Facsimile |
| P.O. Box 20635 | [X] By U.S. Mail – postage prepaid |
| Estes Park, CO 80511 | [ ] By Hand Delivery |
| | [ ] By Overnight Courier |
| | [ ] By Electronic Mail |
| | [X] By Electronic Filing |

                                      */s/ Brianna Mason*
                                      BRIANNA MASON
                                      United States Attorney's Office