

**FILED**

*11:07 am, 3/1/24*

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

PAMELA ANN GILSENAN,

　　　　Plaintiff,

　v.

SOCIAL SECURITY ADMINSITRATION,

　　　　Defendants.

Case No.  23-CV-231-ABJ

---

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

THIS MATTER comes before the Court on Defendant's *Motion to Dismiss* filed on January 8, 2024. ECF No. 4. Plaintiff responded to Defendant's motion on January 26, 2024, and Defendant replied on February 2, 2024. ECF No. 6; ECF No. 7. Plaintiff then filed a second response[1] on February 16, 2024 to Defendant's *Motion to Dismiss*. ECF No. 8. Having considered the filings, applicable law, and being otherwise fully advised, the Court finds Defendant's *Motion to Dismiss* (ECF No. 4) is **GRANTED**. Plaintiff's claims against Defendant are dismissed without prejudice.

---

[1] Local Rule 7.1(b)(2) sets out the procedure parties shall follow for dispositive motions, such as Defendant's *Motion to Dismiss*. Once a dispositive motion and written brief are filed, the opposing party has fourteen days to respond to the filed motion. Local Rule 7.1(b)(2)(A). For motions determined without a hearing, a reply brief may be filed within seven days after the filing of Plaintiff's response. Local Rule 7.1(b)(2)(C). There is no local rule directly addressing surreplies, however it is a well-accepted practice in this and other courts in the Tenth Circuit not to permit a surreply without leave of Court. *See Rammell v. Lehr*, No. 23-CV-00052-SAH, 2023 WL 4669425, at *1 (D. Wyo. July 20, 2023). Plaintiff did not request through motion, or other means, to file supplemental documents or a surreply in this matter. The Court will therefore disregard her subsequent response to Defendant's reply. *See* ECF No. 8.

## BACKGROUND

Pamela Ann Gilsenan ("Plaintiff" or "Ms. Gilsenan"), proceeding *pro se*, brings this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against Defendant, the United States Social Security Administration. ECF No. 1. Ms. Gilsenan states she filed a "FOIA/Public records" request with the Social Security Administration on October 23, 2023 seeking records relating to her social security history and the social security history of her former spouse. *Id.* at 1–2. She claims that despite her repeated attempts[2] to obtain this information, the Defendant has failed to conduct an adequate FOIA search, failed to respond to her request within the statutory timeframe, and has unlawfully withheld agency records. ECF No. 1; ECF No. 6. Defendant claims that a thorough search of its records did not reveal Plaintiff's October 23, 2023 FOIA request nor any records of a FOIA request from the Plaintiff. ECF No. 5 at 1–2; ECF No. 5-1. Defendant now moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief may be granted. ECF No. 4; ECF No. 5.

## STANDARD OF REVIEW

Under Rule 12(b)(1), courts must dismiss a complaint if there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and

---

[2] Plaintiff's initial complaint only mentioned one FOIA request that Plaintiff claims she filed on October 23, 2023. ECF No. 1. However, in Plaintiff's response to Defendant's *Motion to Dismiss*, she details over 40 FOIA requests that remain unanswered and unacknowledged by the Defendant, including the October 23, 2023 request. ECF No. 6.

defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

"Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms." *U.S. v. Rodriguez–Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (citation omitted). First, a moving party may make a facial attack upon the complaint's allegations regarding the existence of subject matter jurisdiction. *Id.* Second, a party may challenge the facts upon which subject matter jurisdiction is based, extending beyond the allegations within the complaint. *Id.* In addressing this second form or a factual attack, a court does not "presume the truthfulness of the complaint's factual allegations" but instead "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.*; *see Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1188 (10th Cir. 2010) ("Because a 12(b)(1) motion is a speaking motion and can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion, the district court had wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1).") (internal alterations and quotations omitted). When a factual challenge is raised, the plaintiff ultimately bears the burden of presenting

3

"affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Central Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).

Because Plaintiff proceeds *pro se* in this matter, this Court liberally construes her pleadings and holds them to a less stringent standard than pleadings drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* plaintiff must follow the same rules of procedure that govern other litigants, and the Court will not supply additional factual allegations to round out a complaint or construct legal theories on the plaintiff's behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

## DISCUSSION

Defendant requests that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. ECF No. 4; ECF No. 5. Defendant argues the Court lacks subject matter jurisdiction over Ms. Gilsenan's FOIA claims, because Plaintiff has not pled a valid cause of action under FOIA due to her failure to exhaust her administrative remedies under the Act and inability to demonstrate the proper filing and receipt of her FOIA request with the Social Security Administration. ECF No. 5 at 4. Defendants claims Plaintiff has failed to show that she filed a proper FOIA request and that her request was appropriately received by the Social Security Administration. Accordingly, this motion is considered a factual attack on jurisdiction, and the Defendant has submitted a supplemental affidavit with its

pending Motion to Dismiss. *See* ECF No. 5; *see also* ECF No. 5-1. Plaintiff argues that this Court can maintain jurisdiction over her case due to Defendant's repeated failure to address her FOIA requests that she claims span submissions from 2019 to her most recent request in October 2023. ECF No. 6.

Under FOIA, this Court has subject matter jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, as a prerequisite to suit, the individual making the request under FOIA must first exhaust her administrative remedies. *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011). FOIA directs an agency to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify" the person making the request of its determination 5 U.S.C. § 552(a)(6)(A)(i). The person making the request may appeal an adverse FOIA determination to the head of the agency, but only after the agency head has considered an appeal may the individual seek judicial review. See 5 U.S.C. §§ 552(a)(60(A)(ii), (a)(4)(B).

The general purpose of this prerequisite exhaustion rule is "to permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors." *Urban by Urban v. Jefferson County Sch. Dist. R–1*, 89 F.3d 720, 724 (10th Cir. 1996). While administrative exhaustion is not an unequivocal jurisdictional bar, the administrative scheme of FOIA "favors treating failure to exhaust as

a bar to judicial review." *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004); *see also Hull*, 656 F.3d 1183; *Trenerry v. I.R.S.*, 1996 WL 88459, at *1 (10th Cir. Mar. 1, 1996) (holding a district court lacks subject matter jurisdiction over a FOIA case "where plaintiff . . . failed to exhaust her administrative remedies."). Generally, FOIA requires that an agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

FOIA provides for a limited judicial review of agency responses. As pled, it appears Plaintiff has attempted to submit a FOIA request, and believes she did so on October 23, 2023 and on several other occasions. However, it is not immediately apparent that Plaintiff submit a perfected FOIA request to the Social Security Administration under the proper procedure, as the request was not received by the Defendant. Further, Plaintiff does not seem to challenge the Social Security Administration's response, or lack of response, to her FOIA request through an administrative appeal with the head of the agency. Based on the current record, Plaintiff has not exhausted her administrative remedies prior to the filing of this civil action. Because Plaintiff's complaint does not establish that Plaintiff exhausted her available administrative remedies before filing suit, and in the absence of any waiver of exhaustion by the Social Security Administration, Plaintiff's FOIA claim must be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The Court finds that Plaintiff failed to exhaust her administrative remedies before filing the instant lawsuit against the Social Security Administration. Accordingly, the Court will dismiss this action without prejudice.

Therefore, IT IS **HEREBY ORDERED** that Defendant's *Motion to Dismiss* (ECF No. 4) is **GRANTED**.

Furthermore, IT IS **HEREBY ORDERED** that this Plaintiff's *Complaint* (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

IT IS **SO ORDERED**.

Dated this ___24th___ day of February, 2024.

Alan B. Johnson
United States District Judge